Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| **BOB MESCH**, <br><br> Plaintiff, <br><br> vs. <br><br> **CAVALRY PORTFOLIO SERVICES, LLC**, <br><br> Defendant. | Case No.: 2:13-cv-1696 <br><br> **COMPLAINT;** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); TELEPHONE CONSUMER PROTECTION ACT (47 USC § 227) <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").

## II. JURISDICTION

2. Plaintiff's claims for violations of the FDCPA and TCPA arise under 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227, respectively, and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

### III. PARTIES

3. Plaintiff, Bob Mesch ("Plaintiff"), is a natural person residing in Canyon County, Idaho.

4. Defendant, Cavalry Portfolio Services, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone in Oregon. Defendant regularly attempts to collect debts alleged due another.

### IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8. On information and belief, all calls made to Plaintiff's telephone by Defendant were made using an "automatic telephone dialing system," as that term is defined in 47 U.S.C. § 227(a)(1).

9. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA and TCPA in multiple ways, including the following:

10. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff. Defendant has continued to call Plaintiff after repeated verbal requests for the calls to stop. Each call after these verbal requests was

made with intent to harass, because it was apparent or should have been apparent that the calls could not achieve any result other than to harass Plaintiff. Plaintiff informed Defendant during the first call that he did not believe he owed the debt they were attempting to collect and asked Defendant to stop calling. (§ 1692d(5)).

11. Using an automated telephone dialing system to place multiple calls to Plaintiff's cellular telephone without the prior express consent of Plaintiff (§ 227(b)(1)(A)(iii)).

12. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, § 1692d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages pursuant to 15 U.S.C. § 1692k;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k;

D.     Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

15. A Plaintiff reincorporates by reference all of the preceding paragraphs.

16. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the TCPA;

B.     Actual damages or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(A)

C.     An award of three times the amount for which Defendant is found liable in paragraph "B," above, if it is found that Defendant willfully or knowingly violated 47 U.S.C. § 227(b).

D.     For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 24th day of September, 2013.

By:__s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff