Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| BOB MESCH,<br><br>     Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>     Defendant. | Case No. 2:13-cv-1696-SU<br><br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant CAVALRY PORTFOLIO SERVICES, LLC ("Defendant") answers the Complaint filed by plaintiff BOB MESCH ("Plaintiff") as follows:

## I. INTRODUCTION

1.    Admits that Plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227; but denies any liability or wrongdoing under those statutes, and further denies that Plaintiff is entitled to any of the relief requested.  Defendant denies the remaining allegations in Paragraph 1.

## II. JURISDICTION

2.    Admits that Plaintiff has alleged the jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d) and 47 U.S.C. §227, and that Plaintiff alleges this

Page 1 -  **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

1908733.docx

action involves a federal question pursuant to 28 U.S.C. §1331.  Defendant denies the remaining allegations in Paragraph 2.

### III.  PARTIES

3.      Admits that Plaintiff is a natural person.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, denies those allegations.

4.      Admits that it has, at times, acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6); but Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether the financial obligation at issue in this action was incurred primarily for personal, family or household purposes and, on that basis, Defendant denies that it is a "debt collector" for purposes of this action. Defendant denies the remaining allegations of Paragraph 4.

### IV.  FACTUAL ALLEGATIONS

5.      Admits that it has, at times, acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6); but Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether the financial obligation at issue in this action was incurred primarily for personal, family or household purposes and, on that basis, Defendant denies that it is a "debt collector" for the purposes of this action. Defendant denies the remaining allegations in paragraph 5.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether the financial obligation at issue in this action was incurred primarily for personal, family or household purposes and, on that basis, Defendant denies that Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).  Defendant denies the remaining allegations in Paragraph 6.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether the financial obligation at issue in this action was incurred primarily

Page 2 -  **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

for personal, family or household purposes and, on that basis, denies that the financial obligation at issue was a "debt" as defined by 15 U.S.C. § 1692a(5).  Defendant denies the remaining allegations in Paragraph 7.

8.    Denies the allegations in paragraph 8.

9.    Denies the allegations in paragraph 9.

10.    Denies the allegations in paragraph 10.

11.    Denies the allegations in paragraph 11.

12.    Denies the allegations in paragraph 12.

13.    In answering Paragraph 13 of the Complaint, Defendant avers that no response is required of it at this time.

### COUNT I:  VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14.    As to paragraph 14, Defendant admits and denies as alleged above.

15.    Denies the allegations in paragraph 15, including subsections A through E; and further denies that Plaintiff is entitled to any relief requested against Defendant.

### COUNT II:  VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

16.[1]    As to paragraph 16, Defendant admits and denies as alleged above.

17.    Denies the allegations in paragraph 17, including subsections A through D; and further denies that Plaintiff is entitled to any relief requested against Defendant.

### <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

18.    The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

---

[1]  Defendant has labeled the next two paragraphs as number "16" and "17" for the sake of clarity.  The corresponding paragraphs in the Complaint are incorrectly numbered as "15" and "16."

Page 3 -  **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

1908733.docx

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations/Laches)

19.     The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

20.     To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

21.     The allegations in the Complaint and the relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

22.     Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

23.     Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

///

///

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

1908733.docx

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

24.     Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

25.     Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

26.     Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

27.     The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

28.     To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to

Page 5 -  **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

29.     Defendant's conduct is protected under the First Amendment of the United States Constitution.  Plaintiff's proposed interpretation of the FDCPA and TCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Standing)

30.     Plaintiff has not suffered any injury in fact as a result of Defendant's alleged conduct and, therefore, lacks standing to sue.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Set-off)

31.     To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes to Defendant on his unpaid account(s), including any recoverable interest and attorney fees.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Materiality)

32.     To the extent that any of the communications by Defendant are deemed to be false or misleading, which Defendant expressly denies, they were not materially false or misleading and therefore are not actionable.

///

///

///

Page 6 -  **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

1908733.docx

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Prior Express Consent)

33.     The claims asserted by Plaintiff under the TCPA are barred because Plaintiff provided prior express consent to be called.

### <u>RESERVATION OF RIGHT TO AMEND</u>

34.     Defendant reserves its right to amend and to add further defenses or claims, as relevant information becomes available.

WHEREFORE, Defendant requests judgment as follows:

A.     That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

B.     That Defendant recover from Plaintiff its costs according to proof.

C.     That Defendant recover its attorney fees according to proof.

D.     That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: November 18, 2013

COSGRAVE VERGEER KESTER LLP


*/s/Robert E. Sabido*
Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Telephone: (503) 323-9000
Fax: (503) 323-9019

Attorneys for Defendant

Page 7 -  **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

1908733.docx

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** on the date indicated

below by:

☐    mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐    hand delivery,

☐    facsimile transmission,

☐    overnight delivery,

☒    electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation

of receipt of the document(s) generated by the transmitting machine.  I further certify

that said copy was placed in a sealed envelope delivered as indicated above and

addressed to said attorney(s) at the address(es) listed below:

Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035
        Attorneys for Plaintiff

        DATED:  November 18, 2013


                                    _/s/Robert E. Sabido_____
                                    Robert E. Sabido


Page 1 - **CERTIFICATE OF SERVICE**

1908733.docx